## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BENJAMIN ELLIS FREEDLAND,** : | |
| **Plaintiff** : | |
| : | No. 1:20-cv-81 |
| v. : | |
| : | (Judge Kane) |
| **BETH MATTINGLY, et al.,** : | |
| **Defendants** : | |

### MEMORANDUM

Before the Court is pro se Plaintiff Benjamin Ellis Freedland ("Plaintiff")'s complaint filed pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) (Doc. No. 1) and motion for a temporary restraining order (Doc. No. 10). For the following reasons, the Court will deny Plaintiff's motion for a temporary restraining order.

### I.     BACKGROUND

Plaintiff is currently incarcerated at the Federal Transfer Center in Oklahoma City, Oklahoma. He has sued Defendants Beth Mattingly ("Mattingly"), Christopher Angelini ("Angelini"), and Defendant First Name Unknown, Last Name Unknown ("FNU LNU") concerning events that occurred while Plaintiff was incarcerated at FCI Allenwood in White Deer, Pennsylvania. (Doc. No. 1.) Specifically, Plaintiff alleges that Defendant Mattingly sexually harassed him and then sexually abused him and retaliated against him when he reported the harassment, and that Defendants Angelini and FNU LNU failed to protect him from the retaliation and abuse. (Id.) In an Order dated February 26, 2020, the Court directed the United States Marshal Service to effect service of the complaint upon Defendants. (Doc. No. 11.)

As noted above, Plaintiff has filed a motion for a temporary restraining order. (Doc. No. 10.) He seeks an order prohibiting him from being transferred to FCI Allenwood or any other prison where the named Defendants may be employed. (Id. at 1-2.) Plaintiff maintains that if he

were transferred to an institution where one of the named Defendants are employed, "there is a distinct possibility that irreparable injury could occur." (Id. at 1.)

## II. LEGAL STANDARD

The standard for analyzing a motion for a temporary restraining order is the same as that for a motion seeking a preliminary injunction. See Little v. Mottern, No. 1:14-cv-953, 2015 WL 5954350, at *1 (M.D. Pa. Oct. 13, 2015) (citing Bieros v. Nicola, 857 F. Supp. 445, 446 (E.D. Pa. 1994)). Preliminary injunctive relief is extraordinary in nature and is discretionary with the trial judge. See Orson, Inc. v. Miramax Film Corp., 836 F. Spp. 309, 311 (E.D. Pa. 1993) (citing Skehan v. Bd. of Tr. of Bloomsburg State Coll., 353 F. Supp. 542 (M.D. Pa. 1973)). In determining whether to grant a motion seeking preliminary injunctive relief, courts within the Third Circuit consider the following four factors: (1) the likelihood that the applicant will prevail on the merits; (2) the extent to which the movant is being irreparably harmed by the conduct complained of; (3) the extent to which the non-moving party will suffer irreparable harm if the preliminary injunction is issued; and (4) whether granting preliminary injunctive relief will be in the public interest. See S & R Corp. v. Jiffy Lube Int'l, Inc., 968 F.2d 371, 374 (3d Cir. 1992) (citing Hoxworth v. Blinder, Robinson & Co., 903 F.2d 186, 197-98 (3d Cir. 1990)). To prove "irreparable injury" a plaintiff must demonstrate actual and immediate injury rather than a possibility of future harm. See Cont'l Grp., Inc. v. Amoco Chem. Corp., 614 F.2d 351, 359 (3d Cir. 1980). The moving party bears the burden of demonstrating these factors. See Dorfman v. Moorhous, No. 93-cv-6120, 1993 WL 483166, at *1 (E.D. Pa. Nov. 24, 1993). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." SI Handling Sys., Inc. v. Heisley, 753 F.2d 1244, 1264 (3d Cir. 1985). Furthermore, "there must be a relationship between the injury claimed in the

party's motion and the conduct asserted in the complaint." See Ball v. Famiglio, 396 F. App'x 836, 837 (3d Cir. 2010) (internal quotation marks omitted) (quoting Little v. Jones, 607 F.3d 1245, 1251 (10th Cir. 2010)).

Moreover, "[t]he 'requisite feared injury or harm must be irreparable – not merely serious or substantial,' and it 'must be of a peculiar nature, so that compensation in money cannot atone for it.'" See ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987) (quoting Glasco v. Hills, 558 F.2d 179, 181 (3d Cir. 1977)). "In order to demonstrate irreparable harm the plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial. The preliminary injunction must be the only way of protecting the plaintiff from harm." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989). "The key word in this consideration is irreparable. . . . The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." Sampson v. Murray, 415 U.S. 61, 90 (1974).

## III.   DISCUSSION[1]

Upon consideration of the standard set forth above, Plaintiff had not demonstrated that he is entitled to a temporary restraining order. Initially, Plaintiff has not made a strong showing that he is likely to prevail on the merits. It is well settled that a prisoner has no justifiable expectation that he will be incarcerated in a particular prison. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983). With respect to federal prisoners, the Bureau of Prisons has the authority, pursuant to 18

---

[1] The Court observes that Plaintiff failed to file a brief in support of his motion, as required by Local Rule 7.5, which provides that the Court may consider the motion withdrawn under such circumstances. See L.R. 7.5. Regardless of the fact that Plaintiff's motion is not properly before the Court, the Court will address the merits of his motion.

U.S.C. § 3621(b), to "transfer a prisoner from one facility to another at any time." See <u>Prows v. Fed. Bureau of Prisons</u>, 981 F.2d 466, 469 n.3 (10th Cir. 1992). The Bureau of Prisons also has the authority "to designate the place of confinement for purposes of serving federal sentences of imprisonment." See <u>Barden v. Keohane</u>, 921 F.2d 476, 483 (3d Cir. 1990). "If the prisoner can be lawfully held in the facility to which he has been transferred, he cannot object to that transfer, even if the transfer results in his being placed in a more restrictive or less accessible facility." <u>Ali v. Gibson</u>, 631 F.2d 1126, 1135 (3d Cir. 1980). Thus, it is clear that decisions regarding Plaintiff's designation are within the sound discretion of the Bureau of Prisons.

Moreover, Plaintiff had not demonstrated that he will be irreparably harmed. Plaintiff vaguely states that there is a "distinct possibility that irreparable injury could occur" should he be transferred to an institution where at least one of the named Defendants is employed. (Doc. No. 10 at 1.) Plaintiff, however, has not shown that the Defendants are still employed at the Bureau of Prisons, let alone that he will be transferred to an institution where one of the Defendants is employed. Plaintiff is concerned, at best, with preventing speculative injury, which is insufficient to warrant a temporary restraining order.

**IV.    CONCLUSION**

For the reasons set forth above, Plaintiff's motion for a temporary restraining order (Doc. No. 10) will be denied. An appropriate Order follows.